The State v. Willingborough Road.

---

[128]    THE STATE v. WILLINGBOROUGH ROAD.

1. The act of assembly directing the mode of altering roads, requiring the presence of "six of the surveyors (of the highways) of the next county, chosen for the townships nearest to the place where the alteration is to be made," is to be construed strictly, and when one of them is incapacitated by sickness from attending, his place cannot be supplied by substituting another surveyor from another township.

2. Though a quorum sign the return, duly qualified, yet it is void if they have acted with an unqualified person.

*Certiorari* to the clerk of the county of Burlington, to remove the return of a road.

To this return a considerable number of exceptions were taken, but, as the decision of the court was confined to one, it would be immaterial to state the others.

By the sixth section of the road act of March, 1774, (*Allinson's Laws* 389,) it is enacted that "all roads, which hereafter may be found inconvenient," &c., "shall be subject to alteration and regulation by the surveyors of the highways; that is to say, by six of the surveyors of the highways of the county where the alteration is to be made, joined with six surveyors of the next county, chosen for the townships nearest to the line of the place where the alteration is to be made; eight of whom agreeing may cause any roads to be altered, laid, regulated, or shut up at their discretion."

Ten surveyors had signed the return, but it was alleged and proved that one John Thorne acted with, and signed the return with the other nine surveyors; and that he was not chosen for one of the townships in Gloucester county, nearest to the road in question.

The State v. Willingborough Road.

The facts as proved were, that the townships of Water-ford, Gloucestertown, and Newton were the three nearest townships to the road in question, each of which had two surveyors of highways, who consequently were the six nearest, within the meaning of the act. They had all been summoned to attend, but Marmaduke Cooper, one of them, being taken sick, John Thorne, a surveyor of Gloucester township, and the next nearest to the road in question, was summoned in his place, attended, and signed the return.

The exception taken was, that Thorne had no jurisdiction under the act of assembly; and that although a quorum without him had signed the return, yet as the requisites of the law had not been complied with, and a person wholly without authority had acted in the business and adjudicated upon it, the return was thereby vitiated and absolutely void.

[129] The point was argued by *Griffith* and *R. Stockton,* against the return—that here was a plain, intelligible, unambiguous, and reasonable provision made by law, vesting certain discretionary, and in fact judicial functions in certain persons clearly designated; that the authority vested could not be exercised by any excepting those to whom it had been wisely and providently entrusted; that it was the business of the legislature to make provision for such cases of absolute incapacity, if it was deemed necessary; but that this court had only to take care that the directions of the act of assembly were strictly complied with; that these powers ought to be carefully exercised, and the persons to whom they were entrusted restrained from transcending the limits of their authority.

To illustrate and enforce these points they cited : *The King* v. *Lyme Regis., Doug.* 79 ; *Jones* v. *Smart,* 1 *T. R.* 44, particularly the opinion of Buller; *Tawney's case,* 2 *L. Ray.* 1009, 1013 ; *Stephen* v. *Coster,* 3 *Burr.* 1408, 1416 ; *Bedleson* v. *Whytal,* 3 *Burr.* 1545 ; *Rex* v. *Mierre,* 5 *Burr.* 2787 ; 2 *Wils.* 290, in the case *Entick* v. *Carrington* ; *Rex* v. *Croke, Cowp.* 26 ; 1 *Strange* 258, 260 ; *Pierce* v. *Hopper,* 3 *Bl. Com.* 85, 327.

*Leake* and *Howell, contra,* argued that the provisions of the law were substantially complied with.

KINSEY, C. J., declined giving an opinion, having been retained, while at the bar, for one of the parties, in two former attempts to lay the same road.

CHETWOOD, J., said the fact is, that the nearest township has been passed over on account of the sickness of Cooper, and Thorne, from the next nearest township, acted in his place.

Now, the words of the law are clear and explicit. They require that the six surveyors from the next county must come "from the townships nearest the line of the place where the alteration is to be made."

[130] It is true, that in the case of sickness an inconvenience may happen; but this is exclusively a matter for legislative consideration. We are here to declare the law, and cannot decide against the express words of it. The legislature has declared who are to be the judges, by unequivocal words. They are to be the surveyors chosen for the nearest township. We have no authority to frame a proviso to the act, and declare that under certain circumstances, and in peculiar cases, they may come from townships not the nearest. This would be to assume legislative powers. The return must be quashed.

SMITH, J., concurred.

CITED *in N. J. R. R. & Tr. Co.* v. *Sudyam,* 2 *Harr.* 62; *Parsell* v. *State,* 1 *Vr.* 542.